

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-5250
Re: Is there any violation of Arti-
cle 4727, Vernon's Annotated
Civil Statutes or Article 577,
Vernon's Annotated Penal Code,
regarding the purchase of cer-
tain real estate from the Texas
Discount Company by the City
National Life Insurance Company,
Dallas, Texas, under the facts
stated?

  Your letter of April 20, 1943, requesting the opin-
ion of this department on the above stated question reads as
follows:

  "Re: City National Life In-
    surance Company, Dallas,
    Texas

  "The company named above is a limited capital
stock company with present capital stock of $25,000.00
formed under the authority of Article 4752 of Chapter
3, Title 78. It desires to increase its capital
stock to at least $100,000.00 and to use for the
purpose of paying such stock increase, wholly or
to whatever extent the value allowed by us will per-
mit, a parcel of real estate and building thereon
situated in the City of Dallas which is owned by
another Texas corporation chartered through the of-
fice of the Secretary of State and known as Texas
Discount Company of Dallas, Texas.

  "The Texas Discount Company has a capital stock
of $100,000.00 divided into 10,000 shares whose
owners are as follows:

Honorable O. P. Lockhart, Page 2

"E. A. Strange - - - - - - 10 shares
Leo Johann- - - - - - - - - 5 shares
Jack Austin Titus - - - -10 shares
Robt. Elton Titus - - - -10 shares
E. W. Titus - - - - - 9965 shares

"The directors of the Texas Discount Company are:

"E. A. Strange
Leo Johann
E. W. Titus

"The officers of Texas Discount Company are:

"E. W. Titus, President
Leo Johann, Vice President
Pauline Michael, Secretary and Treasurer

"The City National Life Insurance Company has a capital stock of $25,000.00 divided into 2500 shares. The stockholders of this company are as follows:

"D. L. Mayer - - - - - - -100 shares
Bob Titus - - - - - - - - 25 shares
Jack Titus - - - - - - - - 25 shares
Jack Andrews - - - - - -100 shares
Fred Sheppard - - - - - 50 shares
Andrew Allison - - - - - -100 shares
Mrs. Wright Titus - - - -30 shares
K. P. Gifford - - - - - 100 shares
Vernon Singleton - - - - 1 share
Bill Weidler - - - - - - 10 shares
Wright Titus - - - - - - 10 shares
Texas Discount Company-1796 shares
A. H. Knepper - - - - - 25 shares
J. H. Hickerson - - - - 2 shares
Frank Cain - - - - - - - 10 shares
Albert Couchman - - - - -35 shares
J. P. Levigne - - - - - -10 shares
J. M. Cumby - - - - - - -21 shares
Tom Beckett - - - - - - -50 shares

"The directors of City National Life Insurance Company are as follows:

"Wright Titus
David L. Mayer
Albert Couchman
Frank Cain
Lt. A. V. Allison
Fred Sheppard
K. P. Gifford
James H. Hickerson
Thomas Beckett

"The officers of City National Life Insurance Company are as follows:

"Wright Titus, President
David L. Mayer, Vice President & Treasurer
Frank Cain, Vice President
James H. Hickerson, Secretary
A. H. Knepper, Assistant Secretary
Irion and Cain, General Counsel
Dr. Ben R. Buford, Medical Director
M. B. Gammill, Actuary

"The City National Life Insurance Company does not now own any real estate of any kind, and the properties sought to be acquired will be a building site, and office building for its accommodation in the transaction of its business and for lease and rental.

"In view of the fact that E. W. Titus (who is the same person as Wright Titus) is an officer and a director of both the insurance company and the other corporation; and in view of the fact that Mrs. Wright Titus is the wife, and Jack Austin Titus and Robert Elton (Bob) Titus are the minor sons, of E. W. (Wright) Titus, and all re stockholders in one or both corporations, we would appreciate having your opinion as to whether or not any violation of Article 4727 of the Civil Statutes or Article 577 of the Penal Code, or of any other provisions of the civil or criminal laws of Texas applicable to such transaction, would necessarily be involved in any acquisition, and more especially the outright purchase, by City National Life Insurance Company from Texas Discount Company of the

Honorable O. P. Lockhart, Page 4

above mentioned Dallas real estate for the purposes and in the circumstances mentioned; and if so, wherein such violations would consist, and upon whose part they would be violations; and whether such violations, if any, would make it unlawful for us to approve the acquisition of such real estate by the insurance company for the purposes and in the circumstances above mentioned."

Article 4727, Vernon's Annotated Civil Statutes reads as follows:

"No director or officer of any insurance company transacting business in or organized under the laws of this State, shall receive any money or valuable thing for negotiating, procuring, recommending or aiding in any purchase or sale by such company of any property, or any loan from such company, nor be pecuniarily interested, either as principal, coprincipal, agent or beneficiary in any such purchase, sale or loan. Nothing in this article shall prevent a life insurance corporation from making a loan upon a policy held therein, by the borrower, not in excess of the reserve value thereof."

Article 577, Vernon's Annotated Penal Code provides:

"No director or officer of any insurance company transacting business in this State, or organized under the laws of this State, shall receive any money or valuable thing for negotiating, procuring, recommending or aiding in any purchase or sale by such company of any property or any loan from such company, nor be pecuniarily interested either as principal, co-principal, agent or beneficiary, in any such purchase, sale or loan. Nothing contained in this article shall prevent a life insurance corporation from making a loan upon a policy held therein, by the borrower not in excess of the reserve value thereof. Any person violating any provision of this article shall be fined not less than three hundred nor more than one thousand dollars."

Honorable O. P. Lockhart, Page 5

In construing the foregoing articles this department said in opinion No. O-1889:

"Article 4727 and Article 577, Penal Code, 1925, have as their combined objective the prohibition and penalizing of a director and officer or directors and officers of corporations in respect to certain personal acts. Both the prohibition and the penalty apply to individuals. They do not embrace the corporation itself as an entity. The language is clear, unambiguous and not subject to construction.

". . . ."

It is further stated in said opinion (No. O-1889)

"The fact that a part or all of the directors of one contracting corporation are directors of the other contracting corporation affords a ground for subjecting the contract into which they enter to the strictest scrutiny by courts of equity. 2 THOMPSON ON CORPORATIONS 841; 10 TEX. JUR. 959."

The true rule in this State with respect to contracts between corporations having interlocking directors or officers in common generally may be found enunciated in the case of City National Bank v. Merchants and Farmers National Bank, 105 S. W. 338, to the effect that:

"It is not inherently wrong for two corporations, having all or a part of their controlling officers in common, to contract with each other. Even where a majority or all of the contracting officers of two corporations are common to both, that fact alone does not make a contract between the two corporations, entered into by such contracting officers, absolutely void and incapable of ratification. The current of modern authority holds that the most that can be said against such contracts is that they will be subjected to close judicial scrutiny when questioned at the proper time, and will be set aside upon the appearance of unfairness. But if it should appear, upon investigation, that the contract is fair and there

has been no abuse of the trust relation, the contract will be permitted to stand. . . . The extent to which the courts will go in refusing to enforce contracts of this kind, as shown by the adjudicated cases, depends in a great measure upon the facts of each particular case. No inflexible rule has been established."

It is stated in the case of Geddes v. Anaconda Copper Mining Company, 254 U. S. 590, 599, 41 S. Ct. 209, 65 L. Ed. 425;

"The relation of directors to corporations is of such a fiduciary nature that transactions between boards having common members are regarded as jealously by the law as are personal dealings between a director and his corporation, and where the fairness of such transactions is challenged the burden is upon those who would maintain them to show their entire fairness and where a sale is involved the full adequacy of the consideration. Especially is this true where a common director is dominating in influence or in character. This court has been consistently emphatic in the application of this rule, which, it has declared, is founded in soundest morality, and we now add in the soundest business policy."

This department held in opinion No. O-1586 (Conference Opinion No. 3097) that:

"Article 4727, Revised Civil Statutes of Texas, 1925, and Article 577, Penal Code of Texas, 1925, do not prohibit a life insurance company from making a loan to another corporation if a director or or officer of the borrowing corporation, where the officer or director of the insurance company has no personal interest in the loan and receives no money or valuable thing for negotiating, procuring, recommending, or aiding in the furtherance of the loan, either as principal, co-principal, agent or beneficiary in such loan."

Honorable C. P. Lockhart, Page 7

What was said in the foregoing opinion with reference to a life insurance company making a loan to another corporation where the same person was a director or officer of both corporations is equally applicable regarding the purchase of real estate from one corporation by a life insurance company where the same person is a director or officer in both corporations.

It is our opinion that Article 4727, Vernon's Annotated Civil Statutes, and Article 577, Vernon's Annotated Penal Code, do not prohibit a life insurance company from purchasing real estate from another corporation if a director or officer of the insurance company is also a director or officer of the corporation selling the real estate, where the officer or director of the insurance company, who is also an officer or director of the corporation selling the real estate, has no personal interest in such transaction and receives no money or valuable thing for negotiating, procuring, recommending, or aiding in the furtherance of the transaction, either as principal, co-principal, agent or beneficiary therein.

Article 4726, Vernon's Annotated Civil Statutes sets forth the purposes for which a life insurance compnay may hold real estate.

With reference to the first paragraph in your letter as quoted above it is not clear whether or not the real estate in question constitutes a part of the capital stock of the City National Life Insurance Company or is to be used for the purpose of paying such stock increase. If it is the purpose of the City National Life Insurance Company to use the real estate for the purpose of paying its capital stock increase your attention is directed to our opinion No. O-4556 addressed to you wherein it is stated:

> ". . .by express statutory declaration, the Commissioners must find, as a condition precedent to the issuance of a certificate of authority to do business, that all of the capital stock of the company has been fully paid up and is in the custody of the officers, 'either in cash or securities of the class in which such companies are authorized by this chapter to invest or loan their funds'.

> "Article 4725 lists the 'securities' in which a life insurance company organized under the laws

Honorable O. P. Lockhart, Page 8

of this State may invest or upon which it may loan
its funds.

"  . . .

"Of course, real estate acquired by the company
under the circumstances and for the purpose pro-
vided by Article 4726, is property which the com-
pany is authorized to own, just as it may own per-
sonal property, such as furniture and fixtures and
office equipment and supplies, necessary to the
transaction of its business. But 'securities' is
a term of more restricted meaning than 'property',
and Article 4720 expressly provides that the cer-
tificate of authority shall be issued only if it
is found that the capital of the company is on hand
in the form of cash or 'securities' in which it is
authorized to invest or loan its funds.

"'Securities' are evidences of obligation for
the payment of money. See Words and Phrases, Perm.
Ed., Vol. 38, 'Securities'. In no proper sense
can real property, encumbered or unencumbered, owned
by the corporation be classed as a 'security' under
Article 4720."

It is noted in your letter, as above mentioned,
that the wife and children of Mr. Titus may be stockholders
of one or both of the corporations. Neither of the statutes
(Article 4727, Vernon's Annotated Civil Statutes, or Article
577, Vernon's Annotated Penal Code) refers to stockholders,
consequently, the fact that the wife and children of Mr.
Titus are stockholders of one or both corporations is imma-
terial.

As all of the above mentioned opinions referred to
in this opinion have been addressed to the Chairman of the
Board of Insurance Commissioners we do not deem it necessary
to enclose copies of such opinions herewith.

Yours very truly

APPROVED
Opinion                    ATTORNEY GENERAL OF TEXAS
Committee
By  GPB
Chairman                   By (Signed)
                                Ardell Williams
                                Assistant